JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-05253 DMG (JCx)** | Date | July 26, 2013 |
| Title | *HSBC Bank USA, N.A. v. Scott Price, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On October 29, 2012, Plaintiff HSBC Bank USA, N.A. filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Scott Price, Theresa Price, Afthan Pope, and Does 1 through 6 [Doc. # 1]. The Complaint alleges that Plaintiff purchased the subject property, where Defendants reside, at a trustee's sale on June 12, 2012 following foreclosure proceedings. (Compl. ¶ 6.) On July 24, 2012, Plaintiff caused to be served on Defendants a 90-day notice to vacate and deliver up possession of the property to Plaintiff, but Defendants failed to deliver up possession of the property. (*Id.* ¶¶ 7-8.) Plaintiff initiated this unlawful detainer action to obtain damages and possession of the subject property. (*Id.* ¶ 11.) Defendant Afthan Pope filed a Notice of Removal on July 19, 2013.

The "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

In the Notice of Removal, Defendant Pope asserts that this Court has jurisdiction based on a federal question under 28 U.S.C. § 1331 because Defendants' rights under the First, Fifth, Seventh, Ninth, and Fourteenth Amendments are being violated by California unlawful detainer laws. (Not. of Removal at 2.) The Complaint, however, states no facts to support a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-05253 DMG (JCx)** | Date | July 26, 2013 |
| Title | *HSBC Bank USA, N.A. v. Scott Price, et al.* | Page | 2 of 2 |

question on its face, and the possibility of a defense under federal law is insufficient to create subject matter jurisdiction.[1] *See Vaden*, 556 U.S. at 60.

      Because Defendant Pope has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] The removal may be defective in other ways as well. The Notice of Removal does not appear to have been served within 30 days after receipt by Defendants of the Complaint, which was filed on October 29, 2012. *See* 28 U.S.C. § 1446(b). Furthermore, Defendants Scott and Theresa Price do not indicate their consent to the removal. *Id*. at § 1446((b)(2)(A).